31519. KENNEDY v. SERVICEMASTER OF ATLANTA, INC. et al.

GUNTER, Justice.

This case involves the construction of an agreement, an option to purchase one-half of the shares of a corporation, and whether or not the option, as construed,

was properly exercised. The trial judge entered a summary judgment in favor of the defendants, William I. Sunderland and Servicemaster of Atlanta, Inc. The trial judge denied summary judgment for the plaintiff, John M. Kennedy, and he has appealed.

The meaning or construction of the option and whether or not it was properly exercised are issues solely between Kennedy and Sunderland, Sunderland being the owner of all of the shares of the corporation.

The agreement between the two parties was entered into in January of 1973. Under its terms Sunderland granted to Kennedy an option to purchase fifty percent of the corporation's shares for an option price of $8,400. The controversial language contained in the agreement reads: "Kennedy and Sunderland acknowledge that disposition of any portion of the stock of the Corporation is restricted by a loan agreement with International, and that prior to exercise of this option the consent of International must be obtained or said loan paid . . . This option may be exercised at any time up to the close of business on December 31, 1973. Consent of International to Kennedy's purchase shall be obtained by Sunderland; if Sunderland should not obtain such consent within thirty days after notice of exercise, the notice may, at Kennedy's election, be withdrawn, and the option shall be extended to thirty days after such consent shall have been given."

"International" referred to in this language was Servicemaster International, Ltd., the franchisor of the corporation and a creditor of the corporation and Sunderland. The corporation and Sunderland had borrowed money from International, and Sunderland had pledged all his stock in the corporation as security for the repayment of the loan. The indebtedness due to International was payable in installments, the last of which was due in February of 1975. The indebtedness to International was not paid in full until February of 1975; and International did not, prior to the payment of the loan, give its consent to the transfer of shares to Kennedy and has not since the payment of the loan given its consent to the transfer.

On December 28, 1973, Kennedy gave notice to Sunderland of the exercise of the option. At that time the

indebtedness to International had not been paid, and International had not given its consent to the transfer of the stock to Kennedy.

On January 28, 1974, Kennedy wrote Sunderland: "As you are aware, on December 28, 1973, Mr. Kennedy delivered to Servicemaster a notice exercising his option to purchase 5,629 shares of the corporation's outstanding voting common stock. Also, pursuant to provision 2 of the Agreement, and due to the fact that consent has not been obtained from International approving Mr. Kennedy's purchase, we have been authorized to notify you that Mr. Kennedy hereby withdraws his notice of exercise dated December 28, 1973. This withdrawal extends the option to 30 days after consent is given by International."

On February 5, 1974, Sunderland wrote Kennedy that International would not consent to the transfer of the shares and that the option to purchase, as contended by Kennedy to be for an unlimited time, was unenforceable and void.

On March 22, 1974, Kennedy's contention was: "Prior to the time that the loan is paid, Mr. Kennedy has the right to attempt to exercise the option if International's consent can be obtained. However, if the consent is not obtained, the language of Provision 2 also provides that the loan /sic/ [attempted exercise?] can be withdrawn and the option extended. This is what has been done by Mr. Kennedy pursuant to this provision. *If Mr. Kennedy is unable to assure that the consent of International will be given then it will be necessary for him to delay exercise of the option until the loan to International is satisfied.*"

In February of 1975, the indebtedness to International was paid in full; some nine months later, on November 14, 1975, Kennedy tendered the option price to Sunderland and gave notice of his exercise of the option; Sunderland declined the tender and contended that Kennedy had no rights under the option that could be exercised; and on December 31, 1975, Kennedy filed a complaint (supplemental) that sought to enjoin Sunderland from transferring shares of the corporation and sought to require Sunderland to convey fifty percent of the shares of the corporation in accordance with the

terms of the option.

The trial judge entered summary judgment for Sunderland, and we affirm.

The part of the agreement as to "when" the option could be or had to be exercised is, to say the least, somewhat ambiguous. In this regard the agreement says: (a) "Prior to exercise of this option the consent of International must be obtained *or* said loan paid"; (b) "This option may be exercised at any time up to the close of business on December 31, 1973"; and (c) "Consent of International to Kennedy's purchase shall be obtained by Sunderland; if Sunderland should not obtain such consent within thirty days after notice of exercise, the notice may, at Kennedy's election, be withdrawn, and the option shall be extended to thirty days after such consent shall have been given."

It is clear to us that (a) is in conflict with (b), and (c) is in conflict with (b). Furthermore, (a) and (c) cannot possibly be read together as fixing a definite time limit within which the option must be exercised.

We think it unreasonable for anyone to assume that Kennedy would have entered into the agreement had he believed that he could never exercise the option without the affirmative consent of International. On the other hand we think it unreasonable to assume that Sunderland would have entered into the agreement had he thought that Kennedy would have rights that would extend indefinitely into the future, dependent solely upon International's giving or withholding consent, a decision that neither Sunderland nor Kennedy could control.

We think that a reasonable reading of the agreement and the actions taken by the parties would yield this result: The attempted exercise of the option on December 31, 1973, was ineffectual because of no consent from International and nonpayment of the indebtedness to International; the withdrawal of the attempted exercise of the option did not extend the time for exercising it indefinitely into the future but merely extended such time until thirty days after consent was obtained or thirty days after the indebtedness to International was paid; and since consent from International has admittedly never been obtained, the time for exercising the option expired

thirty days after the payment of the indebtedness to International.

Based upon this analysis, the option was not exercised within the time limit, and the trial judge correctly rendered judgment for Sunderland.

*Judgment affirmed. All the Justices concur, except Hill, J., who is disqualified.*

ARGUED SEPTEMBER 21, 1976 — DECIDED MARCH 2, 1977 — REHEARING DENIED MARCH 17, 1977.

*Smith, Harman, Asbill, Roach & Nellis, Richard D. Elliott,* for appellant.

*Jones, Bird & Howell, Dow N. Kirkpatrick, II, Judson Graves,* for appellees.